UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

CIVIL ACTION NO. 3-15-cv-738-DJH

JOSEPH RULEY, as Power of Attorney
For DORIS RULEY     PLAINTIFF

v.

BARDSTOWN MEDICAL INVESTORS, LTD.
d/b/a LIFE CARE CENTER OF BARDSTOWN     DEFENDANT

## NOTICE OF REMOVAL

The Defendant, Bardstown Medical Investors, Ltd. d/b/a Life Care Center of Bardstown (hereinafter "LCCB"), by and through counsel and pursuant to 28 U.S.C. § 1441, *et seq.*, respectfully petitions for removal of this case to the United States District Court for the Western District of Kentucky. In support of this Petition for Removal, Defendant states as follows:

1. On or about July 21, 2015, Plaintiff Joseph Ruley, as Power of Attorney for Doris Ruley, instituted a civil action in the Nelson Circuit Court styled *Joseph Ruley, P.O.A. for Doris Ruley v. Bardstown Medical Investors, Ltd. d/b/a Life Care Center of Bardstown, et al*, Nelson County Circuit Court, Division II, Civil Action No. 15-CI-00426 (hereinafter "the State Court Action").

2. The State Court Action Summons and Complaint was served upon LCCB on July 22, 2015 (a true and accurate copy of said Summons and Complaint are attached to this Notice as **Exhibit 1**).

3. The State Court Action was originally filed against Bardstown Medical Investors, Ltd. d/b/a Life Care Center of Bardstown and Kentucky Medical Investors, LLC (GA). A true and accurate copy of the Summons served upon Kentucky Medical Investors, LLC (GA) is attached to this Notice as **Exhibit 2.**

1

4. The Defendants timely filed a Joint Answer to Plaintiff's Complaint, attached to this Notice as **Exhibit 3.** Defendants also served initial discovery requests to the Plaintiff on or about August 18, 2015. Defendants' Notice of Service of Discovery is attached to this Notice as **Exhibit 4.**

5. By agreement of the parties, Kentucky Medical Investors, LLC (GA) was dismissed as a party on August 31, 2015. The Agreed Stipulation of Voluntary Dismissal is attached to this Notice as **Exhibit 5.**

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendants in the State Court Action are attached to this Notice as Exhibits 1-5.

7. Although the State Court Action was not originally removable because there was a lack of diversity, the dismissal of Kentucky Medical Investors, LLC (GA) made the case removable on the grounds of diversity.

8. Pursuant to 28 U.S.C § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date on which LCCB received the Order making this case removable (i.e. the Agreed Stipulation of Voluntary Dismissal entered by the Nelson Circuit Court on or about August 31, 2015). Accordingly, this Notice is timely filed.

9. This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441 because there is now complete diversity of citizenship between Plaintiff and the remaining Defendant. Plaintiff, Joseph Ruley, is a resident of Washington County, Kentucky. (*See* Plaintiff's Complaint at ¶1.) Doris Ruley is a resident of Nelson County, Kentucky. *Id.* at ¶2.

10. Defendant LCCB is a limited partnership. (*See* Kentucky Secretary of State Profile for Bardstown Medical Investors, Ltd., attached here as **Exhibit 6.**) A partnership's residency is determined by the residency of its members. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). SBK, LLC ("SBK") and SAK JR, LLC ("SAK") are the general partners of LCCB. *Id.*

11. SBK and SAK are both corporations. A corporation's residency, for purposes of diversity jurisdiction, is determined by where the corporation is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also, Rush Presbyterian St. Luke's Medical*

2

*Center v Safeco Ins. Co.* (1987, CA7 Ill.) 825 F2d 1204. A corporation's principal place of business is determined by the "nerve center" test, or where the high level officers direct, control and coordinate the corporation's activities. Both SBK and SAK are incorporated in Georgia, and have the majority of their corporate activities headquartered in Georgia. (*See* Kentucky Secretary of State Profile for SBK, LLC and SAK JR, LLC, attached here as **Exhibits 7 and 8,** respectively). Thus, SBK and SAK reside in Georgia.

12. Stiles Kellett and Samuel Kellett, Jr. are additional partners of LCCB. Both Stiles Kellett and Samuel Kellett, Jr. are citizens residing in Georgia and are domiciled in Georgia.

13. Although LCCB disputes that it is liable in any manner, the amount in controversy in this matter exceeds $75,000.00, exclusive of costs, interest and attorney fees, and meets the requirements of 28 U.S.C. §1332(a). Where a plaintiff seeks to recover an unspecified amount, the defendant may still satisfy the amount-in-controversy requirement by showing that the plaintiff's claim "more likely than not" meets the threshold. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). To determine the amount in controversy, the Court first looks to the complaint at the time of removal. *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 573 (6th Cir. 2001). The minimum amount in controversy is met if a "fair reading" of the complaint renders it more likely than not that the amount in controversy exceeds the jurisdictional amount. *See id.*

14. Plaintiff's Complaint makes several claims against LCCB, including gross negligence and violations of Kentucky's Residents Rights Statute, K.R.S. § 216.510 *et seq.* Both claims, if proved, provide for recovery of punitive damages. K.R.S. § 216.515(26); K.R.S. § 411.184(2). Punitive damages should be included in calculating the amount in controversy, unless it is apparent "to a legal certainty" that they cannot be recovered. *Hayes,* 266 F.3d at 572.

15. In addition to punitive damages, Plaintiff's Complaint seeks statutory damages and compensatory damages for medical expenses, pain and suffering, loss of life, mental anguish, disability, disfigurement, hospitalization, embarrassment and physical impairment. (Complaint at ¶¶ 19, 27, 32 and 34-35.)

16. Based on the foregoing, this Court has original jurisdiction over this matter pursuant

to 28 U.S.C. § 1332(a), and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

17. In accordance with 28 U.S.C. § 1441(a), venue of the removed action lies in the United States District Court for the Western District of Kentucky, Louisville Division, because the state court action was filed within this judicial district and division.

18. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving written notice of the filing of this Notice of Removal upon the Plaintiff, and will file the Notice of Filing of the Notice of Removal (a copy of which is attached as **Exhibit 9**) with the clerk of the Nelson Circuit Court.

19. Since this case became removable, LCCB has not litigated the case in state court or taken any action that could be construed as a waiver of its right of removal.

20. By removing the above-captioned case to this Court, LCCB does not waive any available defenses.

21. This Notice has been signed by the undersigned pursuant to Federal Rules of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant Bardstown Medical Investors, Ltd. d/b/a Life Care Center of Bardstown prays that the above-entitled action be removed from Nelson Circuit Court to this Court.

Respectfully Submitted,

___s/Danielle J. Lewis___
MIDDLETON REUTLINGER
William K. Oldham
Jennifer M. Barbour
Danielle J. Lewis
2600 Brown & Williamson Tower
401 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Facsimile: (502) 561-0442
woldham@middletonlaw.com

jbarbour@middletonlaw.com
dlewis@middletonlaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and exact copy of the foregoing, with exhibits, was served by U.S. mail, first-class postage prepaid on this 18th day of September 2015, to the following:

Jeffrey T. Sampson
The Sampson Law Firm
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
*Counsel for Plaintiff*

                                                s/Danielle J. Lewis
                                                *Counsel for Defendant*