# Exhibit 1

NO. 15-CI-00426                        NELSON CIRCUIT COURT

JOSEPH RULEY, P.O.A. FOR DORIS RULEY            PLAINTIFF

v.

BARDSTOWN MEDICAL INVESTORS, LTD. (L.P.)        DEFENDANTS
d/b/a LIFE CARE CENTER OF BARDSTOWN
    Serve: CT Corporation System
            306 West Main Street, Suite 512
            Frankfort, KY 40601

KENTUCKY MEDICAL INVESTORS, LLC (GA)
    Serve: CT Corporation System
            306 West Main Street, Suite 512
            Frankfort, KY 40601

## COMPLAINT

\* \* \* \* \* \* \* \* \*

Come the Plaintiff, Joseph Ruley, Power of Attorney and Next Friend of Doris Ruley, by and through counsel, and for his causes of action against the Defendants state as follows:

1. Power of Attorney, Joseph Ruley, is a resident of Springfield, Washington County, Kentucky.

2. Plaintiff, Doris Ruley, was a resident of Bardstown, Nelson County, Kentucky.

2. Upon information and belief, Plaintiff, Doris Ruley, was admitted to Life Care Center of Bardstown on August 22, 2014.

3. The Defendant, Bardstown Medical Investors, LTD (L.P.) d/b/a Life Care Center of Bardstown, is a foreign limited liability company organized under the laws of Georgia, authorized to do business in the Commonwealth of Kentucky, with its principal office located at 1935 Garraux Road, Atlanta, Georgia 30327. The Defendant, Bardstown Medical Investors, LTD (L.P.) d/b/a Life Care Center of Bardstown, is a foreign ULPA Limited Partnership doing business

FILED
DIANE THOMPSON, CLERK
JUL 2 1 2015
NELSON CO. CIRCUIT/DISTRICT COURT
BY_____ D.C.

for profit with a registered agent of CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601. Upon information and belief, at all times material to this action, Defendant, Bardstown Medical Investors, LTD (L.P.) d/b/a Life Care Center of Bardstown, owned, operated, managed, controlled, and/or provided services for Life Care Center of Bardstown in Nelson County, Kentucky. Upon information and belief, Defendant, Bardstown Medical Investors, LTD (L.P.) d/b/a Life Care Center of Bardstown, was, at all times material to this action, the "licensee" of the facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Bardstown Medical Investors, LTD (L.P.) d/b/a Life Care Center of Bardstown, was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, Bardstown Medical Investors, LTD (L.P.) d/b/a Life Care Center of Bardstown, in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Doris Ruley.

    4.    The Defendant, Kentucky Medical Investors, LLC (GA), is a foreign limited liability company organized under the laws of Georgia, authorized to do business in the Commonwealth of Kentucky, with its principal office located at 1935 Garraux Road, Atlanta, Georgia 30327 engaged in the business of custodial care of elderly and infirm nursing home residents in nursing home facilities in several states across the United States. Upon information and belief, at all times material to this action, Defendant, Kentucky Medical Investors, LLC (GA), owned, operated, managed, controlled and/or provided services for nursing home facilities, including Life Care Center of Bardstown in Nelson County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Kentucky Medical

Investors, LLC (GA), in the ownership, operation, management, control, licensing and/or services provided for the facility during the time Doris Ruley was a resident. The Defendant, Kentucky Medical Investors, LLC (GA), is a limited liability company doing business for profit with a registered agent of CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

5. The Defendants controlled the operation, planning, management, budget and quality control of Life Care Center of Bardstown. The authority exercised by Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

6. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

7. Doris Ruley was a resident of Life Care Center of Bardstown from August 22, 2014 until October 16, 2014.

8. Doris Ruley was looking to Defendants for treatment of her total needs for custodial, nursing and medical care and not merely as a site where others not associated with the facility would treat her.

9. At all relevant times mentioned herein, the Defendants owned, operated, managed and/or controlled Life Care Center of Bardstown, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

10. Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

11. Defendants failed to discharge their obligations of care to Doris Ruley with a conscious disregard for her rights and safety. At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Doris Ruley, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Life Care Center of Bardstown.

12. Due to the wrongful conduct of Defendants, Doris Ruley suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

    a) Injurious falls;

    b) Fractured back;

    c) Lack of care and medical treatment;

    d) UTI;

    e) Dehydration;

    f) Skin breakdown; and

    g) Lack of dignity.

## NEGLIGENCE

13. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1–12, as if fully set forth herein.

14. Defendants owed a non-delegable duty to Doris Ruley to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

15. Upon information and belief, Defendants knowingly developed and maintained staffing-levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Doris Ruley.

16. Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

   a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

      1) ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Doris Ruley, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

      2) ensuring compliance with the resident care policies for the facility; and

      3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

   b) Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

   c) Failure to provide the minimum number of qualified personnel to meet the total needs of Doris Ruley;

   d) Failure to maintain all records on Doris Ruley in accordance with accepted professional standards and practices;

   e) Failure to ensure that Doris Ruley received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

   f) Failure to increase the number of personnel at the facility to ensure that Doris Ruley received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

5

g) Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h) Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Doris Ruley's residency;

i) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Doris Ruley:

    1) received timely and accurate care assessments;

    2) received prescribed treatment, medication and diet; and

    3) received timely custodial, nursing and medical intervention due to a significant change in condition.

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Doris Ruley in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l) Failure to provide adequate hygiene and sanitary care to prevent infection; and

m) Failure to provide proper custodial care.

17. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Doris Ruley. With regard to each of the foregoing acts of negligence, Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Doris Ruley.

18. Pursuant to KRS 446.070, Plaintiffs also allege Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Doris Ruley was injured by the statutory violations of Defendants and was within the class of persons for whose

benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendants included, but is not limited to, violation(s) of the following:

    a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Doris Ruley;

    b) Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Doris Ruley, who was physically helpless or mentally helpless or permitting Doris Ruley, a person of whom Defendants had actual custody, to be abused. Such abuse caused serious physical injury, placed Doris Ruley in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Doris Ruley.

    c) Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Doris Ruley, who was unable to care for herself because of her illness;

    d) Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

    e) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

19. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Doris Ruley suffered the injuries described in Paragraph 14. Plaintiffs assert a claim for judgment for all compensatory and punitive damages against the Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of

citizenship cases, plus costs and all other relief to which Plaintiffs are entitled by law.

## CORPORATE NEGLIGENCE

20. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1–19, as if fully set forth herein.

21. Doris Ruley was looking to Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Doris Ruley received was being rendered through employees of Defendants and that any negligence associated with that treatment would render Defendants responsible. Defendants or persons or entities under their control, or to the extent Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Doris Ruley, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

22. Defendants owed a non-delegable duty to assist Doris Ruley in attaining and maintaining the highest level of physical, mental and psychological well-being.

23. Defendants owed a duty to Doris Ruley to maintain their facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

24. Defendants owed a duty to Doris Ruley to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendants to insure smoothly run facilities and adequate resident care.

25. Defendants owed a duty to Doris Ruley to provide a safe environment, treatment

and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Doris Ruley from danger due to her inability to care for herself. Defendant had a duty to protect Doris Ruley from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

26. With regard to each of the foregoing acts of negligence, Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Doris Ruley.

27. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Doris Ruley suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiffs is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

28. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1–27 as if fully set forth herein.

29.  Defendants violated statutory duties owed to Doris Ruley as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

30.  The violations of the resident's rights of Doris Ruley include:

   a)  Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

   b)  Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c)  Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

   d)  Violation of the right to be free from abuse and neglect; and

   e)  Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

31.  As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, pursuant to K.R.S. § 216.515(26), Plaintiffs are entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

32.  With regard to the aforementioned violations of the Resident's Rights Act, Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Doris Ruley and, pursuant to K.R.S. § 216.515(26), Plaintiffs are entitled to punitive damages from Defendants in an amount to be determined by the

jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## DAMAGES

33. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1–32, as if fully set forth herein.

34. As a direct and proximate result of the negligence of Defendants as set out above, Doris Ruley suffered injuries including, but not limited to, those listed herein. As a result, Doris Ruley suffered embarrassment and physical impairment.

35. Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiffs are entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Doris Ruley, prays for judgment against Defendants in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiffs are entitled, including TRIAL BY JURY.

Respectfully submitted,

Jeffrey T. Sampson
THE SAMPSON LAW FIRM
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 584-5050
Fax: (502) 584-5055
jeff@slftrial.com
*Counsel for Plaintiff*

11

I, DORIS MARIE RULEY, of Nelson County, Kentucky, do hereby constitute and appoint my son, JOSEPH ROBERT RULEY, my true and lawful attorney in fact, with full power for me and in my name, place and stead, in his sole discretion, to transact, handle and dispose of all matters affecting me and/or my estate in any possible way.

Without limiting or derogating from the general powers granted herein, I specifically authorize my attorney in fact for me and in my name, place and stead, in his sole discretion:

1. To draw, make, endorse, sign and deliver in my name any and all contracts, checks or agreements, and vote all shares of stock in person or by proxy;

2. To purchase, possess, lease, sell (including on installments), mortgage, pledge and/or convey any real or personal property that I may now or hereafter own or have an interest in;

3. To receive and give receipt for any money which may now or hereafter be due to me;

4. To retain and/or release all liens on any real or personal property that I may now or hereafter own or have an interest in;

5. To draw, make, endorse, negotiate, sign, purchase, sell, assign, transfer and/or deliver any and all checks, promissory notes, certificates of deposit, securities, contracts, stocks, bonds or agreements, of each and every nature whatsoever, and to handle and perform any and all banking transactions on my behalf;

6. To invest and/or reinvest my money for me;

7. To borrow or lend money on my behalf;

8. To institute or defend legal actions or suits concerning me, my property or my rights;

9. To pay my expenses, including but not limited to, household, living, medical, hospital and nursing expenses incurred by me or on my behalf;

10. To sign, with power of substitution and revocation, and file all tax returns or reports (including, without limitation, state and federal income tax returns) that I may be required or elect to file with any federal, state or other governmental body, and to make tax elections and pay taxes on my behalf;

11. To enter and deposit or withdraw documents or other items to and from any and all safe deposit boxes leased to me individually or jointly with another person;

12. To transfer and convey any real or personal property to any trust created by me either before or after the date of this instrument for addition to trust principal;

13. To disclaim, under applicable state law, in whole or in part the right of transfer to me, or my right of succession, to any property or interest therein, including a future interest;

14. To renounce or contest a testamentary disposition;

15. To exercise all options available to me regarding policies which insure my life or the life of another including, but not limited to, changing the owner or beneficiary, and cancelling policies;



EXHIBIT A

16. To elect methods of payment for any retirement plans (including IRAs, tax sheltered annuities, and Keogh plans), change the beneficiaries of said plans, elect to rollover distributions from said plans, alter contributions made by me to said plans, make contributions on my behalf, and waive my non-employee spousal rights;

17. To make gifts, including adjusted taxable gifts, on my behalf in trust or otherwise; and,

18. To provide for my health and medical care needs. My attorney in fact will receive my instructions if I am able to participate in those decisions and if I cannot participate, in my said attorney's sole discretion, then such attorney in fact shall carry out my instructions as follows:

    (a) To receive and review proposed medical treatment and to make sole decisions concerning such treatment;

    (b) To give and withdraw consent to such medical treatment;

    (c) To employ and discharge such health providers to include, but not be limited to, physicians, nurses, psychiatrists, dentists and therapists.

19. Generally to do and perform for me and in my name all that I might individually do if present.

In the event that my named attorney in fact is for any reason unavailable, unable or unwilling to serve in such capacity, then I hereby appoint my daughter, DEBORAH K. HAMILTON, as my successor attorney in fact, with full authority to exercise all of the powers granted herein.

This instrument is intended to, and does hereby, grant to my said attorney full power and authority to do and perform each and every act and thing whatsoever requisite, necessary and proper to be done, in the exercise of any of the rights and powers herein granted, as fully, to all intents and purposes, as I might or could do if personally present, hereby ratifying and confirming all that my attorney shall do or cause to be done by virtue thereof. Persons dealing with my attorney from time to time need not look to the application of monies or other considerations passing to or from my said attorney.

This power of attorney shall not be affected by my disability as principal.

The rights, powers and authority of my attorney in fact shall commence upon execution of this instrument and shall remain in full force and effect until this instrument is terminated by me in writing.

IN TESTIMONY WHEREOF, WITNESS my signature this the 23 day of Feb, 2010.

DORIS MARIE RULEY

COMMONWEALTH OF KENTUCKY

COUNTY OF NELSON

The foregoing instrument was acknowledged before me this 23rd day of February, 2010, by DORIS MARIE RULEY, an individual known to me or, if not known to me, who presented satisfactory evidence that she is the person described in and who executed the foregoing instrument, to be her free and voluntary act and deed.

_____
NOTARY PUBLIC

My Commission Expires: 1/27/11

This Instrument Prepared By:

_____
Janie Asher Hite
SALTSMAN & WILLETT, P.S.C.
212 East Stephen Foster
P.O. Box 327
Bardstown, KY 40004
(502) 348-4873

POA/RULEY-DORIS(POA).044.wpd

 **CT Corporation**

**Service of Process Transmittal**
07/22/2015
CT Log Number 527509769

TO: Meg Madich
Kellett Investments
200 Galleria Pkwy SE Ste 1800
Atlanta, GA 30339-5946

RE: **Process Served in Kentucky**

FOR: Bardstown Medical Investors, Ltd. (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph Ruley, P.O.A. for Doris Ruley, Pltf. vs. Bardstown Medical Investors, Ltd. (L.P.), etc. and Kentucky Medical Investors, LLC (GA), Dfts. Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Civil Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Nelson Court Circuit Court, KY Case # 15CI00426 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - August 22, 2014 through October 16, 2014 - Life Care Center of Bardstown in Nelson County, KY |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/22/2015 postmarked on 07/21/2015 |
| **JURISDICTION SERVED:** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey T. Sampson The Sampson Law Firm 450 South Third Street, 4th Floor Louisville, KY 40202 502-584-5050 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 781025462267 |
| **SIGNED: ADDRESS:** | C T Corporation System 306 W. Main Street Suite 512 Frankfort, KY 40601 |
| **TELEPHONE:** | 717-234-6004 |

Page 1 of 1 / AB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| AOC-105 | Doc. Code: CI | | Case No. | 15-CI-00426 |
|---|---|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice  www.courts.ky.gov CR 4.02; CR Official Form 1 | | (Seal) CIVIL SUMMONS | Court County | ✓ Circuit ☐ District Nelson |

**PLAINTIFF**

JOSEPH RULEY, P.O.A. FOR DORIS RULEY

VS.

**DEFENDANT**

BARDSTOWN MEDICAL INVESTORS, LTD. (L.P.) d/b/a LIFE CARE CENTER OF BARDSTOWN

120 LIFE CARE WAY

BARDSTOWN        Kentucky        40004

**Service of Process Agent for Defendant:**
CT CORPORATION SYSTEM
306 WEST MAIN STREET
SUITE 512
FRANKFORT        Kentucky        40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 7/21, 2015        Weuve Thompson        Clerk
By:        D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this ____ day of _____, 2____.

Served by: _____

_____ Title